IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,
  vs.                               **Case No. 09-40039-01**
                                        **11-4118-RDR**
FRANCISCO NUNEZ,

        Defendant.

**MEMORANDUM AND ORDER**

The defendant has filed a pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. In the motion, he contends that his guilty plea was involuntary due to ineffective assistance of counsel.

I.

The defendant entered a plea of guilty to conspiracy to possess with intent to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. § 846. On March 5, 2010, the court sentenced the defendant to a term of imprisonment of 121 months. The defendant filed a notice of appeal on March 12, 2010. The Tenth Circuit Court of Appeals dismissed the defendant's appeal on July 21, 2010, citing the defendant's waiver of his right to appeal his conviction and sentence in the plea agreement. United States v. Nunez, 388 Fed.Appx. 776 (10th Cir. 2010). The Tenth Circuit issued its mandate on August 12, 2010. The defendant filed the instant motion on September 26,

2011.

In his motion, the defendant contends that his guilty plea was involuntary because his counsel was ineffective in the following ways: (1) failing to advise him of the deportation consequences of pleading guilty; (2) promising that he would receive a prison sentence not to exceed seven years; and (3) misrepresenting that he would receive leniency by pleading guilty.

II.

A federal prisoner may only obtain relief under § 2255 if his sentence (1) was imposed in violation of the Constitution or federal laws, (2) was imposed by a court without jurisdiction to do so, (3) was in excess of the maximum permitted by the law, or (4) is otherwise subject to attack. 28 U.S.C. § 2255. In order to obtain relief under § 2255 on the basis of constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993). In order to obtain relief on the basis of nonconstitutional error, the petitioner must show a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. Reed v. Farley, 512 U.S. 339, 353-354 (1994). If a court finds a claim under § 2255 to be valid, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him

or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255.

An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 n. 1 (10th Cir. 1995); <u>see also</u> <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007) ("It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). To be entitled to an evidentiary hearing, the defendant must allege facts which, if proven, would entitle him to relief. <u>See</u> <u>Hatch v. Oklahoma</u>, 58 F.3d 1447, 1471 (10th Cir. 1995), <u>cert. denied</u>, 517 U.S. 1235 (1996). "[T]he allegations must be specific and particularized, not general or conclusory." <u>Id</u>. The court finds that a hearing on the defendants' motions is not necessary. The court finds, for the reasons stated in this opinion, that the materials already in the record conclusively show that the defendant is not entitled to relief on any of his claims.

### III.

Several preliminary matters need to be addressed before the court considers the arguments raised by the defendant in this motion. The government has suggested that the defendant's motion is timely, not procedurally barred, and does not fall within the

scope of the waiver in the plea agreement. The court agrees on all of these matters. First, the defendant filed his motion within the one-year limitation period for § 2255 motions because he filed it within one year after the date of his conviction became final. The defendant's conviction became final ninety days after July 21, 2010, or on October 19, 2012, which was the expiration of the time for filing a petition for certiorari with the United States Supreme Court after the dismissal of his direct appeal. Second, the claims raised by the defendant in his motion are not procedurally defaulted even though they were not raised in his direct appeal because they assert claims of ineffective assistance of counsel. See United States v. Hovey, 333 F.3d 1185, 1187 (10th Cir. 2003). Finally, the defendant's claims are not waived under the plea agreement even though it specifically precludes collaterally attacking his conviction and sentence. The agreement states that the parties understand that the defendant is not waiving any claims with regard to ineffective assistance of counsel. See United States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001) (collateral attacks based on ineffective assistance of counsel claims are waived unless the petition challenges the validity of the plea or waiver).

IV.

With those issues behind us, the court turns to the arguments made by the defendant. In examining the pro se pleadings filed by

4

the defendant, the court notes that the defendant has acknowledged that he received the assistance of a "jailhouse litigator" in the preparation of these documents. The court suspects that the use of this "counsel" may have led to some of the statements and arguments contained in the motion. The court finds that there has been some effort to suggest "facts" that would result in a meritorious claim. These "facts," however, are not supported by the record. They are actually contrary to what happened here.

"In the guilty plea context, to establish a claim for ineffective assistance of counsel, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial." United States v. Silva, 430 F.3d 1096, 1099 (10th Cir. 2005).

The defendant initially argues that his counsel was ineffective because his counsel failed to advise him of the immigration consequences of pleading guilty as required by Padilla v. Kentucky, 130 S.Ct. 1473 (2010). He claims "that his attorney materially misrepresented the plea bargain by promising him that he would not be deported if he pleaded guilty," and his counsel failed to advise him "that he would be subject to deportation after completion of any sentence that the court would impose." He further stated that he "would not have entered the guilty plea and would have insisted on going to trial" had he been so advised.

5

A review of the record before the court shows no basis for this claim. At the guilty plea proceeding, the defendant signed a petition to enter a plea of guilty under the following statement: "I swear that I have read, understood, and discussed with my attorney, each every part of this Petition to Plead Guilty, and that the answers which appear in every part of this petition are true and correct." The petition contained the following:

> I have been advised and understand that if I am not a U.S. citizen, a conviction of a criminal offense may result in deportation from the United States, exclusion from admission to the United States, and/or denial of naturalization.

During the plea hearing, the defendant again swore that his statements were true. Finally, and indeed importantly, his counsel specifically stated on the record at that hearing that he would be deported as a result of his conviction:

> MR. FRANCO: I have previously advised him off the record--and if the Court would just formally advise him--it was one of the paragraphs he signed, that this will result in a deportation from the United States when this matter is over.

The defendant acknowledged that he understood.

Based upon these sworn declarations, the court finds no factual support for the claim made by the defendant. The defendant was thoroughly advised that he would be deported in the event of his conviction, and he acknowledged this fact. Accordingly, the court fails to find that the defendant has shown deficient performance and resulting prejudice.

The court next turns to the second and third claims raised by the defendant. In both of these claims, the defendant suggests that his guilty plea was involuntary because his counsel promised that his sentence would be less than what he ultimately received. He has suggested that his attorney represented that he would receive a sentence of seven years or less if he entered a guilty plea.

Once again, there is simply no factual basis for the defendant's claims. The plea agreement signed by the defendant clearly indicated the penalty for the crime of conspiracy to possess with intent to distribute 500 grams or more of a mixture containing methamphetamine in violation of 21 U.S.C. 846:

> The defendant understands that the maximum sentence which may be imposed as to Count 1 of the Indictment to which the defendant has agreed to plead guilty is not less than ten (10) years nor more than life imprisonment. . . .

The potential sentence was again reiterated by government counsel during the plea colloquy.

The petition to enter a guilty plea contains the same information:

> My lawyer informed me that the plea of "GUILTY" could subject me to a mandatory minimum sentence of not less than <u>10</u> years (if applicable) and to a maximum punishment which, as provided by law, is <u>Life</u> years. . .

The petition also contains the following:

> I declare that no officer or agent of any branch of the government (federal, state, or local) has promised, suggested, or predicted that I will receive a lighter sentence, or probation, or any other form of leniency if

7

> I plead "GUILTY," except as follows:
>
> My attorney did discuss how the Sentencing Guidelines may apply in my case.
>
> If anyone else, including my attorney, made such a promise, suggestion, or prediction, except as noted in the previous sentence, I know that he had no authority to do so.
>
> I know that the sentence I will receive is solely a matter within the control of the Judge.

The court also addressed those matters during the plea colloquy where the defendant indicated that he understood that the "sentence imposed might be different from any estimate your attorney can give you or the Court can give you at this time."

At sentencing, the defendant made no mention of any promises made by his attorney in his statement to the court. He indicated his satisfaction with his counsel and acknowledged that he was fully aware that he was facing a sentence of at least ten years. He stated:

> I do agree that I did conspire, but I would like for things to be done in the right way. I know that I committed that error. When I read the PSI, I was able to see that the months, they do add up to about ten years in prison. I know that error that I committed was conspiracy, but I would like for them to be more fair in my sentence because I am human.
>
> . . . . .
>
> I just don't want to spend ten years in prison. My family needs me. And I also depend on them because that's my only family that I have.
>
> . . . . .
>
> I take responsibility everything I have said and what I

have done.  I am satisfied with my attorney.  And God will decide.

The court is confident there is no factual support for the defendant's claims concerning his sentence.  The defendant was fully aware of the potential sentence he faced.  He was made aware of it on multiple occasions, and he acknowledged the sentence during his elocution to the court at sentencing.  The record before the court establishes that the defendant pled guilty intelligently, knowledgeably and voluntarily, and did so without threat, promise or coercion.  In sum, the court finds no merit to the defendant's claims of ineffective assistance of counsel.

V.

Based upon the foregoing discussion, the court must deny defendant's pro se motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 45) be hereby denied.

**IT IS SO ORDERED.**

Dated this 15th day of May, 2012 at Topeka, Kansas.

> s/Richard D. Rogers
> United States District Judge